course with the victim, who was eleven years of age.

The lead opinion does not look at the elements of the two offenses as it finds no merger analysis should take place given the factual circumstances at bar. The lead opinion dissects the facts set forth into two distinct pieces as follows: the initial grinding constitutes one criminal act followed by a break in the action; whereupon the defendant formed a different intent demonstrated by turning the victim to face him, and then committed a second criminal act, by engaging in sexual intercourse. I cannot accept the lead opinion's highly speculative analysis of the defendant's intent in order to conclude that a break in the action occurred. As I pointed out in my dissent in *Belsar*, a break indicates that action ceased and then was resumed. *Id.* at 638 (Cappy, J. dissenting).[1] To conclude that such a break occurred on the facts of this case stretches that concept to a meaningless conclusion.

Rather, I would find that the merger doctrine does and should apply to the convictions in this case. Based on the facts of this case, all of the elements of corruption of a minor, the age of the parties and the proof of an act (sexual intercourse) that corrupted, are contained within the greater offense of statutory sexual assault, as that crime requires proof of a four-year age disparity, sexual intercourse, and that the parties are not married to one another. All the elements of the lesser offense are included within the greater offense and the greater offense requires proof of one element that is different. Thus, the two convictions merge for purposes of sentencing.

Accordingly, as I would affirm the decision of the Superior Court, I must dissent.

Mr. Justice NIGRO joins this dissenting opinion.

USX CORPORATION, Appellant

v.

WORKERS' COMPENSATION APPEAL BOARD (MILTON), Appellee.

Supreme Court of Pennsylvania.

Argued Sept. 11, 2002.
Decided Oct. 1, 2002.

Marie Jurbala Shiring, Pittsburgh, for Appellant USX Corp.

James A. Holzman, Harrisburg, Amber Marie Kenger, Mechanicsburg, for Appellee, W.C.A.B.

Daniel King Bricmont, Pittsburgh, for Appellee, Henry Milton.

Before ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

---

1. Insofar as I discussed the concept of the intent of the accused within a merger analysis, I was using that as a reference point to further explicate the concept of a definitive break in the action. I in no fashion meant that merger could be avoided merely be positing that the defendant's intent changed in the midst of an unbroken, continuous criminal act.

## ORDER

PER CURIAM.

Appeal dismissed as having been improvidently granted.